Lao Flores-Salazar, Plaintiff and Appellant, v. Juana
Damiana Delgado, Defendant and Appellee.

No. 3703. Argued November 3, 1925.—Decided December 11, 1925.

1. Unlawful Detainer—Lease—Evidence—Presumption.—When in an action
   of unlawful detainer brought by the purchaser of a leased. property the
   defendant alleges that the plaintiff assumed the continuation of the lease
   by collecting rent from the defendant and the receipt is not offered in
   evidence as the best proof of that allegation and the reason for not doing
   so satisfactorily explained, the presumption established by paragraph 6 of
   section 102 of the Law of Evidence should be sustained.
2. Id.—Id.—Tenancy at Sufferance.—If an action of unlawful detainer is
   brought by the purchaser of leased property and there is no proof that he
   assumed the continuation of the lease, the possession by the lessee is .equiv-
   alent to tenancy at sufferance and no question arises as to the amount of
   the annual rent.

Second District Court of San Juan, M. Rodríguez Serra, J.   Judg-
   ment for the defendant in unlawful detainer.   Reversed.
Campillo & Campillo for the appellant.   I. Carballeira for the ap-
   pellee.

Mr. Justice Franco Soto delivered the opinion of the court.

[1, 2] This was an action of unlawful detainer brought
originally in the Second District Court of San Juan. The
ground on which the said court dismissed the complaint is
stated in the judgment as follows: "There is, then, no pos-

session at sufferance, but by virtue of a contract, and the monthly rent of $1.25 aggregates in a year a less amount than that established by law for giving jurisdiction to this court in an action of unlawful detainer.''

The defendant recites the facts and alleges that she had leased the lot referred to in the complaint from Bernabé Sabalier; that she paid a monthly rent of $1.25; that later on the property passed to the Bank of San Juan to whom she paid the rent through the plaintiff; that she held up the payments during the pendency of the suit between Sabalier and the Bank, and that even after the property was acquired by the plaintiff he collected in his own right an instalment of rent.

The lot had passed from the Bank of San Juan to Damiana Andino and she sold it to the plaintiff. The deeds of conveyance are included in the evidence submitted. It does not appear that after the property was transferred to Damiana Andino she received the rent. The essential thing for the defendant was to try to show that when the said property passed to the plaintiff by title of purchase he assumed the continuation of the lease by collecting an instalment from the defendant. The only part of the defendant's testimony attempting to establish that point is as follows:

''Q. On what date was the last time that you paid to Lao Flores as a collector? A. I do not remember, because I am very dull in that. Q. You do not remember? A. No. Q. When he collected from you did he give you any receipts? A. Yes, there are some receipts; I have them almost always. Q. Have you the last receipt? A. I do not know whether I have it or not, for I am very forgetful.''

The uncertainty of that testimony is manifest. It does not explain satisfactorily why the receipts were not produced as the best proof of the continuation of the lease with the plaintiff. Under these conditions we must sustain the presumption established in paragraph 6 of section 102 of the Law of Evidence to the effect that ''higher evidence

would be adverse from inferior being produced." See also the case of *Angleró* v. *Fernández,* 31 P.R.R. 249.

The judgment appealed from should be reversed.

Mr. Justice Wolf took no part in the decision of this case.